232

[933 NYS2d 53]

In the Matter of CHARLES ADAM WILLINGER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 1, 2011

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Charles Adam Willinger*, Staten Island, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and

Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated March 10, 2009, which contains one charge of professional misconduct, and a supplemental petition dated June 28, 2010, which contains two additional charges of professional misconduct. After a hearing on August 12, 2009, which was reopened and continued on December 2, 2010, the Special Referee in two separate reports sustained all three charges. The respondent did not appear at the first hearing, but did appear at the continued hearing. The Grievance Committee moves to confirm the Special Referee's report with regard to the original petition, confirm the Special Referee's separate report with regard to the supplemental petition, and impose such discipline as the Court deems appropriate. The respondent submitted an answer to the Grievance Committee's first motion to confirm in which he requested an order restoring him to practice and lifting the interim suspension. He has not submitted any response to the Grievance Committee's second motion to confirm.

Charge one alleges that the respondent engaged in a pattern and practice of failing to cooperate with the Grievance Committee's investigation of complaints of professional misconduct filed against him, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated December 24, 2008, the Grievance Committee requested that the respondent submit an answer to a complaint by Besem K. Taalab within 10 days of his receipt of the letter. The respondent failed to submit an answer or request additional time in which to do so.

By letter dated January 9, 2009, the Grievance Committee requested that the respondent submit an answer to a complaint by Ishaq Mohammad within 10 days of his receipt of the letter. The respondent failed to submit an answer or request additional time in which to do so.

By letter dated January 22, 2009, sent via first-class and certified mail, the Grievance Committee again requested that the respondent submit answers to the Taalab and Mohammad complaints within 10 days of his receipt of the letter. The respondent failed to submit answers or request additional time in which to do so.

By letter dated January 26, 2009, sent via first-class and certified mail, the Grievance Committee requested that the respondent submit an answer to a complaint by Alan Intrator within 10 days of his receipt of the letter. The respondent failed to ei-

ther submit an answer or request additional time in which to do so.

In view of the uncontroverted evidence, and the respondent's failure to answer and appear at the August 12, 2009 hearing, the Special Referee properly sustained charge one. Accordingly, the motion to confirm the Special Referee's original report is granted.

Charge two alleges that the respondent has continued to engage in a pattern and practice of failing to cooperate with the Grievance Committee's investigation of complaints of professional misconduct filed against him, in violation of rules 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

By letter dated March 20, 2009, sent by certified mail, return receipt requested, the Grievance Committee requested that the respondent submit an answer to the complaint of Stanislav Verbitskiy within 10 days of his receipt of the letter. The respondent failed to submit an answer or request additional time in which to do so.

By letter dated May 21, 2009, sent by certified mail, return receipt requested, and first-class mail, the Grievance Committee requested that the respondent submit an answer to the complaint of Patricia L. Butler within 10 days of his receipt of the letter. The respondent failed to submit an answer or request additional time in which to do so.

By letter dated June 9, 2009, sent by certified mail, return receipt requested, and first-class mail, the Grievance Committee requested that the respondent submit an answer to the complaint of Terrance T. Credle within 10 days of his receipt of the letter. The respondent failed to submit an answer or request additional time in which to do so.

By letter dated July 8, 2009, sent by certified mail, return receipt requested, and first-class mail, the Grievance Committee requested that the respondent submit an answer to the complaint of David Lopez within 10 days of his receipt of the letter. The respondent failed to submit an answer or request additional time in which to do so.

By letter dated July 8, 2009, sent by certified mail, return receipt requested, and first-class mail, the Grievance Committee requested that the respondent submit an answer to the complaint of Oleg Yudin within 10 days of his receipt of the letter. The respondent failed to submit an answer or request additional time in which to do so.

By letter dated September 17, 2009, sent by certified mail, return receipt requested, and first-class mail, the Grievance Committee requested that the respondent submit an answer to the complaint of Jean Sainton within 10 days of his receipt of the letter. The respondent failed to submit an answer or request additional time in which to do so.

Charge three alleges that the respondent engaged in a pattern and practice of neglecting matters entrusted to him, in violation of DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]), and rules 1.3 (b) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

On or about May 7, 2008, Stanislav Verbitskiy retained the respondent to handle a legal matter in traffic court and paid him a legal fee of $300. The respondent failed to take any action regarding the Verbitskiy matter.

On or about April 17, 2009, Patricia L. Butler retained the respondent to handle a legal matter in traffic court and paid him a legal fee of $100. The respondent failed to take any action regarding the Butler matter.

On or about February 26, 2009, Terrance T. Credle retained the respondent to handle a matter in traffic court and paid him a legal fee of $125. The respondent failed to take any action regarding the Credle matter.

On or about March 11, 2009, David Lopez retained the respondent to handle a traffic matter in traffic court and paid a legal fee of $150. The respondent failed to take any action regarding the Lopez matter.

On or about January 11, 2008, Oleg Yudin retained the respondent to handle a matter in traffic court and paid a legal fee of $200. The respondent failed to take any action regarding the Yudin matter.

On or about March 18, 2009, Jean Sainton retained the respondent to handle a matter in traffic court and paid a legal fee of $125. The respondent failed to take any action regarding the Sainton matter.

In view of the uncontroverted nature of the evidence, the Special Referee properly sustained charges two and three of the supplemental petition. Accordingly, the Grievance Committee's motion to confirm the Special Referee's second report is granted.

By letter dated May 13, 2008, the respondent was admonished for his neglect of clients' legal matters and failure to communicate with his clients, his failure to return unearned fees

upon withdrawal from employment, his disobedience of a so-ordered judicial subpoena, and his failure to advise the New York State Office of Court Administration of changes in his address and telephone numbers. The admonition involved nine complainants who had retained the respondent to represent them before the Traffic Violations Bureau and whose matters were subsequently neglected.

On the continued date of the hearing on December 2, 2010, the respondent testified in mitigation that, due to foot pain and medications prescribed to alleviate the pain, he became addicted to opiates. He attributes his neglect and failure to cooperate solely to the medication, which made him feel "like his head was in a fog." He claimed that he has since undergone rehabilitation and is currently not taking opiates of any kind. The respondent expressed remorse and has indicated that, if reinstated to practice, he is willing to submit to strict supervision and make restitution to his clients.

We do not find credible the respondent's contention that his addiction to opiate medication was the sole cause of his professional misconduct. Notwithstanding the respondent's remorse, he engaged in a pattern and practice of neglecting cases, even after he was admonished for neglecting nine client matters, and utterly failed to cooperate with the Grievance Committee's investigation.

Under the totality of circumstances, the respondent is suspended from the practice of law for three years.

PRUDENTI, P.J., RIVERA, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motions to confirm the Special Referee's original report and second report are granted; and it is further,

Ordered that the respondent, Charles Adam Willinger, is suspended from the practice of law for a period of three years, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 1, 2014. In such application, the respondent shall furnish satisfactory proof (1) that during the said period he refrained from practicing or attempting to practice law, (2) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) that he has complied with the applicable continuing

legal education requirements of 22 NYCRR 691.11, and (4) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Charles Adam Willinger, shall promptly continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Charles Adam Willinger, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Charles Adam Willinger, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).